# IN THE COURT OF APPEALS OF IOWA

No. 15-1674
Filed December 23, 2015

**IN THE INTEREST OF A.E.,**
   **Minor Child,**

**C.E., Mother,**
   Appellant,

**B.G., Father,**
   Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Mary Timko, Associate Juvenile Judge.


A father appeals the termination of his parental rights.  **AFFIRMED.**


John S. Moeller of John S. Moeller P.C., Sioux City, for appellant-mother.

Andrew J. Twinamatsiko of Crary, Huff, Ringgenberg, Hartnett & Storm, P.C., Sioux City, for appellant-father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee.

Marchelle M. Denker of Office of State Public Defender, Sioux City, attorney and guardian ad litem for minor child.


Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

A father[1] appeals the termination of his parental rights to one child, A.E., claiming clear and convincing evidence does not support the termination of his parental rights. We affirm the juvenile court's order.

We review de novo, proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The juvenile court issued a thorough and well-reasoned order terminating the father's parental rights, and we adopt the findings of fact and conclusions of law in the juvenile court's order as our own.

The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(d), (h), and (i) (2015). When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

Termination is appropriate under section 232.116(1)(h) where the State proves the following:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

---

[1] The mother timely filed a notice of appeal but did not timely file her petition on appeal. The appeal was dismissed by the Iowa Supreme Court.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(h). The father does not dispute the first three elements have been proved. Instead, he argues the State failed to prove by clear and convincing evidence that the child could not be returned to his care.

In finding termination was proper, the juvenile court reasoned:

[The father] has admitted to a history of marijuana and methamphetamine use since he was thirteen years old. [The father] also admitted to having experimented with cocaine and hallucinogens (K2). While [the father] denied any recent use of alcohol in his August 20, 2014 chemical dependency assessment (Last Use: 13-14 years ago), he admitted to "occasional use" of alcohol in December 2014. The police reports from the May 2015 domestic violence incident also indicated he was intoxicated. There is no evidence [the father] has completed any treatment program as recommended.

[The father] reported being diagnosed with ADHD in kindergarten and took medication for this through middle school. He stated that he struggled with focus and feeling overwhelmed. He has been treated for anxiety and prescribed medication. He reported four treatment episodes in his lifetime, with the most recent treatment while he was incarcerated in prison two years ago. [The father] has not involved himself in any mental health treatment or been assessed for the need for medication. It was recommended throughout this case that he go to Siouxland Mental Health Center, but he never went. . . . [The father], himself, put it best when he acknowledged that he has not accomplished anything in the past 11 months. It does not appear that he is going to accomplish enough within a reasonable amount of time to have [A.E.] returned to his care.

. . . .

[The father] has yet to begin to fully address his substance abuse issue. . . . [The father] admitted to using marijuana in June and meth intravenously in May. He testified he is clean now, has newer friends, and a better outlook. He plans to stay with [the mother]. He is willing to go to inpatient treatment now even though this was the recommendation at the beginning of the case. [The father] has completed several substance abuse evaluations with several different agencies and has never followed through with the treatment recommendations. "Now" is too late.

. . . .

> Despite services offered/provided, [the father] and [the mother] have been unable or unwilling to stabilize their lifestyles and address their dysfunctional and toxic relationship. The circumstances leading to the adjudication of [A.E.] continue to exist. Neither [the father] nor [the mother] has taken any affirmative action to assume their roles as [A.E.]'s parent. Neither [the father] nor [the mother] has met any financial obligations. [The father] has made no reasonable effort to complete responsibilities of the case permanency plan. . . . Neither [the father] nor [the mother] has done anything to maintain a place of importance in [A.E.]'s life. They are simply visitors who come to see him at grandma's house, not his parents.

Upon our review of the record we agree with the district court's order. There is clear and convincing evidence A.E. could not be returned to his father's care at the time of the termination hearing due to the father's unaddressed mental health and substance abuse issues, and his lack of suitable housing and employment. A child should not endlessly await the maturity of his parent, particularly when he is of tender years. *See D.W.*, 791 N.W.2d at 707.

We affirm the juvenile court's order terminating the father's parental rights without further opinion. *See* Iowa Ct. R. 21.26(1)(a)-(e).

**AFFIRMED.**